JS-44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
School District of Philadelphia

## DEFENDANTS
United Consultants, Inc.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Baltimore County, MD
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Peter J. Norman, Esquire, Klehr Harrison Harvey Branzburg, LLP
1835 Market Street, Philadelphia, PA 19103, 215-568-6603

Attorneys (If Known)
Lauren A. Moser, Esq., Marshall Dennehey Warner Coleman & Goggin 2000 Market Street, Phila., PA 19103 215-575-2677

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholder's Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 195 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury – Med Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE / PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing / Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities— Employment
- ☐ 446 Amer. w/Disabilities— Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence

**Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
The School District of Philadelphia asserts claims for breach of contract, negligence and breach of warranty against Defendant arising from various construction projects for which the Defendant acted as the engineering design professional.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In excess of $300,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _Lau A Mosel_ DOCKET NUMBER _____

DATE: November 15, 2013
SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| School District of Philadelphia | : CIVIL ACTION |
| | : |
| | : NO. |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| United Consultants, Inc., | : |
| | : |
| Defendant. | : |

DISCLOSURE STATEMENT FORM

| Please check one box: | |
|---|---|
| ☒ | The nongovernmental corporate parties, United Consultants, Inc., in the above listed civil action do not have any parent corporation and publicly held corporation that owns 10% or more of its stock. |
| ☐ | The nongovernmental corporate parties, , in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that own 10% or more of its stock. |
| November 15, 2013<br>Date | *[signature]*<br>Signature |
| | Counsel for: *Defendant* |

## CERTIFICATE OF SERVICE

I, Lauren A. Moser, Esquire, do hereby certify that a true and correct copy of the foregoing Disclosure Statement Form was served upon the following party via U.S. Mail, on the below date:

Peter J. Norman, Esquire
Klehr Harrison Harvey Branzburg, LLP
1835 Market Street
Philadelphia, PA 19103
*Attorney for Plaintiffs*

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

/s/ Lauren A. Moser
LAUREN A. MOSER
*Attorney for Defendant*
*United Consultants, Inc.*

Dated: _____ November 15, 2013 _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff   School District of Philadelphia, 440 North Broad Street, Philadelphia, PA 19130.

Address of Defendant   United Consultants, Inc., c/o Lauren A. Moser, Esquire – 2000 Market Street, 23rd Floor, Philadelphia, PA 19103

Place of Accident, Incident or Transaction   Philadelphia County, Pennsylvania
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more if its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 8.1(a))   Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒
*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

| A. | Federal Question Cases: | B. | Diversity Jurisdiction Cases |
|---|---|---|---|
| 1. ☐ | Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☒ | Insurance Contract and Other Contracts |
| 2. ☐ | FELA | 2. ☐ | Airplane Personal Injury |
| 3. ☐ | Jones Act-Personal Injury | 3. ☐ | Assault, Defamation |
| 4. ☐ | Antitrust | 4. ☐ | Marine Personal Injury |
| 5. ☐ | Patent | 5. ☐ | Motor Vehicle Personal Injury |
| 6. ☐ | Labor-Management Relations | 6. ☐ | Other Personal Injury (Please specify) |
| 7. ☐ | Civil Rights | 7. ☐ | Products Liability |
| 8. ☐ | Habeas Corpus | 8. ☐ | Products Liability – Asbestos |
| 9. ☐ | Securities Act(s) Cases | 9. ☐ | All other Diversity Cases |
| 10. ☐ | Social Security Review Cases | | (Please specify) |
| 11. ☐ | All other Federal Question Cases | | |
| | (Please specify)   FDCPA and FCRA | | |

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Lauren A. Moser, Esquire   counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE   November 15, 2013                    Lauren A. Moser                    309072
                                            Attorney-at-Law                   Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE   November 15, 2013                    Lauren A. Moser                    309072
01/9698232.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| SCHOOL DISTRICT OF PHILADELPHIA | : CIVIL ACTION No. |
| v. | : |
| UNITED CONSULTANTS, INC. | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security-Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos-Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management-Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management--Cases that do not fall into any one of the other tracks.   (X)

| November 15, 2013 | *Lauren A. Moser* (signature) | Defendant, United Consultants, Inc. |
|---|---|---|
| Date | Attorney-at-law<br>Lauren A. Moser | Attorney for |
| (215) 575-2677 | (215) 575-0856 | lzmoser@mdwcg.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

551629

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management of Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate of limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
(See § 1.02(e) Management Track Definitions of the
Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions of potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

551629

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY: Gregory J. Kelley, Esquire
     Jane E. Kane, Esquire
     Lauren A. Moser, Esquire           Attorneys for Defendant,
Identification Nos.67968/46585/309072     United Consultants, Inc.
2000 Market Street
Suite 2300
Philadelphia, PA 19103
215-575-2600

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCHOOL DISTRICT OF PHILADELPHIA : | |
|              Plaintiff, : | |
| v. : | CIVIL ACTION NO. |
| UNITED CONSULTANTS, INC. : | |
|              Defendant : | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §1441(b) and 28 U.S.C. §1332, Defendant, United Consultants, Inc., by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, hereby removes the action entitled *School District of Philadelphia v. United Consultants, Inc.*, July Term 2013, No. 4129, as filed in the Court of Common Pleas of Philadelphia County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

1. On July 30, 2013, Plaintiff, The School District of Philadelphia (Plaintiff) instituted this action in the Court of Common Pleas of Philadelphia County, Pennsylvania.

2. On October 15, 2013, Plaintiff filed its Complaint. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit 1.

3. Defendant received the Complaint on October 16, 2013 via FedEx delivery with no signature required.

4. Defendant has timely filed this Notice of Removal as it is filed within thirty (30) days of the date that the Action was first removable. *See* 28 U.S.C. §1446(b).

5. In the Complaint, Plaintiff avers that its principal place of business is 440 North Broad, Street, Philadelphia, PA 19130.

6. United Consultants, Inc. is a Maryland corporation with its principal place of business at 5110 Belair Road, Baltimore, MD 21206.

7. In this matter, Plaintiff has alleged that the amount in controversy, exclusive of interest and costs, is in excess of the jurisdictional threshold of $75,000.00 as required by 28 U.S.C. §1332(a).

8. The above-described civil action is one in which this Honorable Court has original jurisdiction pursuant to 28 U.S.C. §1332 based upon the fact that there exists diversity of citizenship between the named parties and the amount in controversy is in excess of $75,000.00. Accordingly, this matter is one which may be removed to this Honorable Court by Notice pursuant to 28 U.S.C. §1441.

9. Written notice of the filing of this Notice of Removal has been given to Plaintiff in accordance with 28 U.S.C. §1446(d), as noted in the attached Certificate of Service.

10. Promptly after filing of this Notice with this Court and the assignment of a civil action number, a copy of the Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with 28 U.S.C. §1446(d). A draft copy of the Praecipe to File a Notice of Removal is attached hereto as Exhibit 2. Thereafter, an Affidavit for filing the Notice of Removal will be filed with this Honorable Court.

**WHEREFORE**, Defendant, United Consultants, Inc., respectfully requests that the above-captioned matter now pending in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. §1332 and §1441.

              MARSHALL DENNEHEY WARNER
              COLEMAN & GOGGIN

BY:  *Lauren A. Moser/lam0454*
     GREGORY J. KELLEY, ESQUIRE
     JANE E. KANE, ESQUIRE
     LAUREN A. MOSER, ESQUIRE
     Attorneys for Defendant
     United Consultants, Inc.

Date: 11/15/2013

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY:   Gregory J. Kelley, Esquire
      Jane E. Kane, Esquire
      Lauren A. Moser, Esquire                    Attorneys for Defendant,
Identification Nos.67968/46585/309072             United Consultants, Inc.
2000 Market Street
Suite 2300
Philadelphia, PA 19103
215-575-2600

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCHOOL DISTRICT OF PHILADELPHIA : | |
| Plaintiff, : | |
| v. : | CIVIL ACTION NO. |
| UNITED CONSULTANTS, INC. : | |
| Defendant : | |

## CERTIFICATE OF SERVICE

I, Lauren A. Moser, Esquire, certify that I caused a copy of the foregoing Notice of Removal via U.S. Mail upon the parties listed below.

Peter J. Norman, Esquire
Klehr Harrison Harvey Branzburg, LLP
1835 Market Street
Philadelphia, PA 19103
Attorney for Plaintiff

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: *Lauren A. Moser, Esquire/lam0454*
    GREGORY J. KELLEY, ESQUIRE
    JANE E. KANE, ESQUIRE
    LAUREN A. MOSER, ESQUIRE
    Attorneys for Defendant
    United Consultants, Inc.

Date: 11/15/2013