# EXHIBIT 1

**KLEHR, HARRISON, HARVEY, BRANZBURG LLP**
By:  Peter J Norman, Esq. (I.D. No. 65658)
pnorman@klehr.com
1835 Market Street
Philadelphia, PA 19103
(215) 569-2700

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| SCHOOL DISTRICT OF PHILADELPHIA | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | |
| v. | : | TRIAL DIVISION - CIVIL |
| | : | COMMERCE CASE PROGRAM |
| UNITED CONSULTANTS, INC., | : | |
| | : | |
| Defendant. | : | July Term, 2013 |
| | : | |
| | : | No. 4129 |
| | : | |
| | : | |

## NOTICE TO PLEAD

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERENCE SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

PHIL1 3123362v.1

Case ID: 130704129

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701

Case ID: 130704129

## COMPLAINT OF PLAINTIFF SCHOOL DISTRICT OF PHILADELPHIA

Plaintiff School District of Philadelphia (the "School District"), by its counsel, respectfully submits this complaint and in support thereof avers as follows:

1.    Plaintiff School District of Philadelphia is a home rule school district of the first class formed and classified under the Pennsylvania Public School Code of 1949, as amended, 24 P.S. § 1-101 et seq.  The School District has its principal place of business at 440 North Broad Street, Philadelphia, PA 19130.

2.    Defendant United Consultants, Inc. ("UCI") is a professional firm supplying design and engineering services with a principal place of business at 5110 Belair Road, Baltimore, MD 21206, and the defendant in this professional liability claim.

3.    The School District is the owner of the following schools located within the City of Philadelphia: George Pepper Middle School ("Pepper School"), Martin Luther King High School ("King High School"), and Olney High School ("Olney School").

## JURISDICTION AND VENUE

4.    Jurisdiction is proper in this Court as the amount in controversy exceeds $50,000.00 and the defendant has committed wrongful acts (as set forth below) in this jurisdiction.

5.    Venue is proper in this Court as Philadelphia County is the county where the cause of action arose; where one or more of the transactions or occurrences took place out of which the cause of action arose; and where the defendant regularly conducts business.

## THE BOILER/HVAC PROJECTS

6.    On or around May 1, 2005, the School District and UCI entered into Contract No. 730/F05 (the "Olney & Pepper Professional Services Contract") under which UCI was to be paid

Case ID: 130704129

in exchange for providing professional design services for the proposed construction for the proposed boiler replacement and/or HVAC improvement work on Olney High School and George Pepper Middle School (the "Olney & Pepper Schools projects"). The services that UCI were to provide included, but were not limited to, architectural design, structural engineering design, HVAC or mechanical engineering design, electrical engineering design, plumbing engineering design, civil engineering design and fire protection engineering design. A detailed description of the services and functions to be performed by UCI are recited in the Olney & Pepper Professional Services Contract, the material portions of which are attached hereto and incorporated herein by reference as Exhibit A.

7.    Under the Olney & Pepper Professional Services Contract, UCI agreed to provide the following standard of professional design services to the School District:

3.4    **Standard of Performance.** The Design Consultant shall exercise a high degree of professional skill, care, diligence and competence in the rendition of its Services under this Contract in accordance with the professional standards prevailing in the metropolitan Philadelphia area for the provision of design consulting services such as those provided in this Contract. The Design Consultant's attention is directed to the fact that the Services are urgently needed by the School District. The Design Consultant's Services under this Contract shall be performed as expeditiously as is consistent with said professional standards and sound professional practices. The Design Consultant shall use its best efforts to assure timely and satisfactory completion of its Services in accordance with the Project Schedule and Project Budget. The Design Consultant shall at all times act in the best interest of the School District, consistent with the professional and fiduciary obligations assumed by it in entering into this Contract. The Design Consultant shall perform all Services under this Contract in accordance with the terms and conditions of this Contract and to the reasonable satisfaction of the School District. The Design Consultant shall design to cost when performing its Services under this Contract.

3.4.1    All Services to be performed by the Design Consultant that require the exercise of professional skills or judgment shall be accomplished by professionals licensed to practice in the applicable professional discipline in the Commonwealth of Pennsylvania. The Design Consultant shall remain responsible for the professional and technical accuracy of all Services or Deliverables furnished under this Contract.

See Exhibit A, p. 13.

2

Case ID: 130704129

8.      Additionally, UCI also made certain representations and warranties to the School

District under the Olney & Pepper Professional Services Contract:

3.2     <u>Design Consultant's Representations, Warranties and Commitments</u>.   The
Design Consultant hereby represents, warrants and commits to the School District, which
representations, warranties and commitments shall survive the execution and delivery of this
Contract, that:

      3.2.1     The Design Consultant has the power and authority to enter into
and perform this Contract.

      3.2.2     This Contract, when executed and delivered, shall be a valid and
binding obligation of the Design Consultant enforceable in accordance with its terms.

      3.2.3     The Design Consultant is financially solvent and possesses
sufficient working capital to perform the services set forth in this Contract, on-time and on-
budget.

      3.2.4     The Design Consultant is ready, willing and able and has sufficient
experience and competence to perform all of the responsibilities and duties set forth in this
Contract, on-time and on-budget.

      3.2.5     The Design Consultant is authorized to do business in the
Commonwealth of Pennsylvania and is properly licensed by all necessary governmental and
public and quasi-public authorities having jurisdiction over it, the services required hereunder,
and the projects that are part of the CIP.

      3.2.6     The Design Consultant is a firm experienced and skilled in
performing design services for school projects of comparable size and complexity to the
School District's capital projects, and in delivering schools in urban school districts, and
utilizing a variety of different types of design and delivery methods.

      3.2.7     The Design Consultant has the necessary skills, experience,
expertise and ability to deliver multiple projects, and to utilize various delivery methods in a
fast paced urban school construction environment, and to deliver projects on time and within
the budget, and to meet schedules and budgets in a fast paced construction environment.

      3.2.8     The Design Consultant has visited the site(s) of the assigned
Project(s) and familiarized itself with the local conditions under which the services required
hereunder are to be performed.

      3.2.9     The architectural, structural, mechanical, electrical, civil and other
disciplines and features of the Design Consultant's design work shall be reviewed and
approved by architects or engineers registered to practice in the particular professional field
involved in the Commonwealth of Pennsylvania.

3

Case ID: 130704129

3.2.10 The Design Consultant shall provide and maintain sufficient organization, personnel and management to carry out the requirements of this Contract, on-time and on-budget. The Design Consultant shall assign to this Contract personnel having the necessary competency, qualifications, experience, skill and knowledge required to perform the respective services. The School District reserves the right to direct the Design Consultant to remove any personnel from the Services provided under this Contract upon material reason therefore given in writing. If removal of personnel is for cause, any costs of such removal shall be borne by the Design Consultant.

3.2.11 The Design Consultant shall provide teams of qualified design personnel with experience on educational institutional projects of similar scope and size as the assigned Project(s), and the qualifications of the design personnel shall include the appropriate education, training and licenses required in order to provide comprehensive design services.

See Exhibit A, pp. 9-10.

9. Further, UCI also agreed to indemnify the School District from all liability, claims or losses caused by UCI's duties under the Olney & Pepper Professional Services Contract:

9.1 <u>Indemnification</u>.

(a) The Design Consultant agrees to assume liability for and does specifically agree to indemnify, save, protect, and hold harmless the School District, its SRC members, board directors, officers, employees and agents, from and against any and all liability, losses, claims, suits, actions, costs, damages and expenses (including, but not limited to, attorneys' fees, court costs and legal expenses of whatever kind or nature) imposed on or asserted against the School District, and arising out of or in any way related to the Design Consultant's carrying out the provisions of this Contract . . . .

See Exhibit A, pp. 61-62.

10. In or around 2005 and 2006, UCI drew up plans, specifications and other contract documents, including the bid documents, for the construction of the Olney & Pepper Schools projects. During the course of the construction on the Olney & Pepper Schools projects, it became apparent that additional work and materials would be required to properly complete the projects. This additional work and materials was beyond that which was indicated in the plans, specifications and other contract documents that had been created by UCI.

11. Attached hereto as Exhibit B is a list of the specific construction change orders

4

Case ID: 130704129

that the School District was forced to enter into to complete such necessary additional work and materials on the Olney & Pepper Schools projects, as well as the amount of each specific change order. The School District specifically incorporates the averments in Exhibit B to the Complaint.

12.     The School District provided notice to UCI that a review had determined that UCI had committed design errors and/or omissions in connection with design services on the Olney & Pepper Schools projects, which resulted in the School District incurring 8 change orders in the total amount of $243,441.00. [1]

13.     The construction change orders set forth in Exhibit B to the Complaint were necessitated by the design errors and/or omissions made by the defendant on the contract documents, including the plans and specifications, for the improvements at the Olney & Pepper Schools.

14.     Upon information and belief, the conditions necessitating these change orders would have been readily apparent during any field evaluation of the Olney & Pepper Schools projects sites, and should have been included within the contract and bid documents prepared by the defendant.

15.     Upon information and belief, the defendant did not perform a reasonable site investigation of the Olney & Pepper Schools projects sites.

16.     Under the Olney & Pepper Professional Services Contract, the defendant was to provide qualified professional staff having the necessary experience, skill and knowledge to properly perform the defendant's services on the Olney & Pepper Schools projects.

17.     Upon information and belief, the defendant failed to provide the School District

---

[1] In the notice provided to UCI, the School District listed the following change orders, which are more specifically described in Exhibit B to the Complaint: C.O. Nos. B-077 # 8, 12 // B-078 # 2,6 // B-079 # 3, 8, 13 //B-700 # 1.

Case ID: 130704129

with personnel having the necessary experience, skill and knowledge to perform its services on the Olney & Pepper Schools projects.

## COUNT I - BREACH OF CONTRACT

18.    The School District incorporates the averments contained in paragraphs 1-17 of its Complaint as if set forth fully herein.

19.    As set forth above in ¶7, in the Olney & Pepper Professional Services Contract with the School District, the defendant agreed to provide professional design services to the School District under a high degree of professional skill, diligence and competence.

20.    Defendant UCI also agreed to be responsible, inter alia, for the preparation of drawings, specifications and other contract documents, including the bid documents, setting forth in detail the requirements for the Olney & Pepper Schools projects and to indemnify the School District for all losses, claims, costs and expenses caused by UCI's duties under the Olney & Pepper Professional Services Contract.

21.    Defendant UCI breached its obligations to the School District when it (1) prepared and submitted to the School District drawings and specifications for the design work on the above projects that contained design errors, omissions and/or deficiencies and that delayed the work on the projects; (2) failed to properly supervise and/or staff the work; (3) failed to perform reasonable site investigation of the School District projects; and (4) failed to exercise a high degree of professional skill and competence in the rendition of its services.

22.    As a direct and proximate result of the aforementioned acts and/or omissions of defendant UCI, the School District was forced to issue certain change orders set forth at length above for an amount in excess of $243,000.00 for additional work on the School District projects and incurred additional administrative costs and expenses in an amount not less than $5,115.00.

Case ID: 130704129

PHIL1 3123362v.1

23.     The School District has suffered damages in excess of $50,000.00 due to acts and omissions of the defendant UCI.

WHEREFORE, the School District of Philadelphia respectfully requests that the Court enter judgment in its favor on Count I of its Complaint against Defendant in an amount in excess of $50,000.00, together with interest, costs, consultants' and attorneys' fees, and any other relief that the Court deems just and appropriate.

### COUNT II - NEGLIGENCE

24.     The School District incorporates the averments contained in paragraphs 1-23 of its Complaint as if set forth fully herein.

25.     Defendant UCI is an engineering firm licensed to practice in the Commonwealth of Pennsylvania.

26.     As an engineering firm, defendant UCI was bound to perform with reasonable care and with a high degree of skill and ability its duties to the School District.

27.     As set forth above, defendant UCI breached this duty of care to the School District by negligently and unreasonably preparing and submitting contract documents, including drawings, specifications and bid documents, for the construction work on the School District projects that were inadequate and that contained design errors, omissions and/or deficiencies, and that delayed the work on the projects.

28.     As a direct and proximate result of defendant UCI's failure to use reasonable skill and care in providing contract documents for the School District projects, the School District was forced to issue the change orders set forth at length above for an amount in excess of $243,000.00 for additional work on the School District projects and incurred additional administrative costs and expenses in an amount not less than $5,115.00.

7

Case ID: 130704129

WHEREFORE, the School District of Philadelphia respectfully requests that the Court enter judgment in its favor on Count II of its Complaint against Defendant in an amount in excess of $50,000.00, together with interest, costs and any other relief that the Court deems just and appropriate.

## COUNT III - BREACH OF WARRANTIES

29. The School District incorporates the averments contained in paragraphs 1-28 of its Complaint as if set forth fully herein.

30. Upon information and belief, defendant UCI issued express and/or implied warranties regarding (1) the fitness and quality of its work; (2) the nature and extent of the services that would be provided to, or for the benefit of, the School District; and (3) the quality, training and expertise of the employees who were assigned to work on the School District projects.

31. Upon information and belief, defendant UCI breached the aforesaid warranties by (1) providing drawings and specifications that were, in part, unfit for their intended purpose; and (2) providing substandard and inadequate design, review, coordination and supervision services on the School District projects as set forth at length above.

32. As a direct and proximate result of the aforementioned acts and/or omissions of defendant UCI, the School District was damaged and was forced to issue the change orders set forth at length above for an amount in excess of $243,000.00 for construction work on the School District projects described above.

WHEREFORE, the School District of Philadelphia respectfully requests that the Court enter judgment in its favor on Count III of its Complaint against Defendant in an amount in excess of $50,000.00, together with interest, costs and any other relief that the Court deems just

8

Case ID: 130704129

and appropriate.

## THE MARTIN LUTHER KING HIGH SCHOOL PROJECT

33.     On or around April 11, 2005, the School District and UCI entered into Contract No. 729/F05 (the "General Professional Services Contract") under which UCI was to be paid in exchange for providing professional engineering design services for a series of proposed construction projects at sites located throughout the City of Philadelphia, including but not limited to, Martin Luther King High School (the "King High School project"). The services that UCI were to provide included, but were not limited to, HVAC or mechanical engineering design, electrical engineering design, plumbing engineering design, civil engineering design, structural engineering design, and fire protection engineering design. A detailed description of the services and functions to be performed by UCI are recited in the General Professional Services Contract, the material portions of which are attached hereto and incorporated herein by reference as Exhibit C.

34.     Under the General Professional Services Contract, UCI agreed to provide the following standard of professional design services to the School District:

> 3.4     **Standard of Performance.** The Engineer shall exercise a high degree of professional skill, care, diligence and competence in the rendition of its Services under this Contract in accordance with the professional standards prevailing in the metropolitan Philadelphia area for the provision of design consulting services such as those provided in this Contract. The Engineer's attention is directed to the fact that the Services are urgently needed by the School District. The Engineer's Services under this Contract shall be performed as expeditiously as is consistent with said professional standards and sound professional practices. The Engineer shall use its best efforts to assure timely and satisfactory completion of its Services in accordance with the Project Schedule and Project Budget. The Engineer shall at all times act in the best interest of the School District, consistent with the professional and fiduciary obligations assumed by it in entering into this Contract. The Engineer shall perform all Services under this Contract in accordance with the terms and conditions of this Contract and to the reasonable satisfaction of the School District. The Engineer shall design to cost when performing its Services under this Contract.

9

Case ID: 130704129

3.4.1   All Services to be performed by the Engineer that require the exercise of professional skills or judgment shall be accomplished by professionals licensed to practice in the applicable professional discipline in the Commonwealth of Pennsylvania. The Engineer shall remain responsible for the professional and technical accuracy of all Services or Deliverables furnished under this Contract.

See Exhibit C, pp. 13-14.

35.    Additionally, UCI also made certain representations and warranties to the School

District under the General Professional Services Contract:

3.2   **Engineer's Representations, Warranties and Commitments.**   The Engineer hereby represents, warrants and commits to the School District, which representations, warranties and commitments shall survive the execution and delivery of this Contract, that:

3.2.1   The Engineer has the power and authority to enter into and perform this Contract.

3.2.2   This Contract, when executed and delivered, shall be a valid and binding obligation of the Engineer enforceable in accordance with its terms.

3.2.3   The Engineer is financially solvent and possesses sufficient working capital to perform the services set forth in this Contract, on-time and on-budget.

3.2.4   The Engineer is ready, willing and able and has sufficient experience and competence to perform all of the responsibilities and duties set forth in this Contract, on-time and on-budget.

3.2.5   The Engineer is authorized to do business in the Commonwealth of Pennsylvania and is properly licensed by all necessary governmental and public and quasi-public authorities having jurisdiction over it, the services required hereunder, and the projects that are part of the CIP.

3.2.6   The Engineer is a firm experienced and skilled in performing design services for school projects of comparable size and complexity to the School District's capital projects, and in delivering schools in urban school districts, and utilizing a variety of different types of design and delivery methods.

3.2.7   The Engineer has the necessary skills, experience, expertise and ability to deliver multiple projects, and to utilize various delivery methods in a fast paced urban school construction environment, and to deliver projects on time and within the budget, and to meet schedules and budgets in a fast paced construction environment.

3.2.8   The Engineer has the necessary skills, experience, expertise, ability and available qualified, licensed or registered staff to facilitate rapid engineering design service for assigned school project, and to provide, on time and within budget, engineering

10

PHIL1 3123362v.1

design services . . ..

       3.2.9   The Engineer will visit the site(s) of the assigned Project(s) and familiarized itself with the local conditions under which the services required hereunder are to be performed.

       3.2.10  The heating, ventilating and air conditioning (HVAC) engineering, plumbing engineering, fire protection engineering, electrical engineering and other disciplines and features of the Engineer's design work shall be reviewed and approved by engineers licensed or registered to practice in the particular professional field involved in the Commonwealth of Pennsylvania.

       3.2.11  The Engineer shall provide and maintain sufficient organization, personnel and management to carry out the requirements of this Contract, on-time and on-budget.   The Engineer shall assign to this Contract personnel having the necessary competency, qualifications, experience, skill and knowledge required to perform the respective services.  The School District reserves the right to direct the Engineer to remove any personnel from the Services provided under this Contract upon material reason therefore given in writing.  If removal of personnel is for cause, any costs of such removal shall be borne by the Engineer.

       3.2.12  The Engineer shall provide teams of qualified design personnel with experience on educational institutional projects of similar scope and size as the assigned Project(s), and the qualifications of the design personnel shall include the appropriate education, training and licenses required in order to provide comprehensive design services.

See Exhibit C, pp. 9-10.

    36.    Further, UCI also agreed to indemnify the School District from all liability, claims

or losses caused by UCI's duties under the General Professional Services Contract:

   9.1  **Indemnification**.

       (a)    The Engineer agrees to assume liability for and does specifically agree to indemnify, save, protect, and hold harmless the School District, its SRC members, board directors, officers, employees and agents, from and against any and all liability, losses, claims, suits, actions, costs, damages and expenses (including, but not limited to, attorneys' fees, court costs and legal expenses of whatever kind or nature) imposed on or asserted against the School District, and arising out of or in any way related to the Engineer's carrying out the provisions of this Contract . . . .

See Exhibit C, pp. 65-66.

    37.   On or around December 19, 2007, the School District and UCI entered into

Contract No. 729/F05A(602/F08), the 1st Amendment to the General Professional Services

Case ID: 130704129

Contract, under which the parties agreed that UCI would provide the engineering design services for the School District during an additional 1-year term. On or around May 1, 2009, the School District and UCI entered into Contract No. 729/F05B (817/F09), the 2nd Amendment to the General Professional Services Contract, under which the parties agreed that UCI was to provide engineering design services for the School District during an additional approximate 1 ½ -year term. Neither the 1st Amendment nor the 2nd Amendment to the General Professional Services Contract revised or amended the professional standards upon which UCI agreed to perform its work, or the representations or warranties that UCI had made under the General Professional Services Contract. The material portions of the 1st Amendment and 2nd Amendment to the General Professional Services Contract are attached hereto and incorporated herein by reference as Exhibit D.

38.     Starting in 2005 and continuing up through 2011, UCI drew up plans, specifications and other contract documents, including the bid documents, for the construction at various school locations for the School District. During the course of the construction on the King High School project, it became apparent that additional work and materials would be required to properly complete the project. This additional work and materials was beyond that which was indicated in the plans, specifications and other contract documents that had been created by UCI.

39.     Attached hereto as Exhibit E is a list of the specific construction change orders that the School District was forced to enter into to complete such necessary additional work and materials on the King High School project, as well as the amount of each specific change order. The School District specifically incorporates the averments in Exhibit E to the Complaint.

40.     The School District provided notice to UCI that a review had determined that UCI

12

PHIL1 3123362v.1

had committed design errors and/or omissions in connection with design services on the King High School project, which resulted in the School District incurring 2 change orders in the total amount of $66,003.00. [2]

41.    The construction change orders set forth in Exhibit E to the Complaint were necessitated by the design errors and/or omissions made by the defendant on the contract documents, including the plans and specifications, for the construction of the King High School project.

42.    Upon information and belief, the conditions necessitating these change orders would have been readily apparent during any field evaluation of the King High School project, and should have been included within the contract and bid documents prepared by the defendant.

43.    Upon information and belief, the defendant did not perform a reasonable site investigation of the King High School project.

44.    Under the General Professional Services Contract, the defendant was to provide qualified professional staff having the necessary experience, skill and knowledge to properly perform the defendant's services on the King High School project.

45.    Upon information and belief, the defendant failed to provide the School District with personnel having the necessary experience, skill and knowledge to perform its services on the King High School project.

## COUNT IV - BREACH OF CONTRACT

46.    The School District incorporates the averments contained in paragraphs 1-5 and 33-45 of its Complaint as if set forth fully herein.

47.    As set forth above in ¶34, in the General Professional Services Contract with the

---

[2]    In the notice provided to UCI, the School District listed the following change orders, which are more specifically described in Exhibit E to the Complaint: C.O. Nos. B-027 # 1, 2.

13

Case ID: 130704129

School District, the defendant agreed to provide professional design services to the School District under a high degree of professional skill, diligence and competence.

48.     Defendant UCI also agreed to be responsible, inter alia, for the preparation of drawings, specifications and other contract documents, including the bid documents, setting forth in detail the requirements for the King High School project and to indemnify the School District for all losses, claims, costs and expenses caused by UCI's duties under the General Professional Services Contract.

49.     Defendant UCI breached its obligations to the School District when it (1) prepared and submitted to the School District drawings and specifications for the design work on the above project that contained design errors, omissions and/or deficiencies; (2) failed to properly supervise and/or staff the work; (3) failed to perform reasonable site investigation of the School District project; and (4) failed to exercise the high degree of professional skill and competence in the rendition of its services.

50.     As a direct and proximate result of the aforementioned acts and/or omissions of defendant UCI, the School District was forced to issue certain change orders set forth at length above for an amount in excess of $66,000.00 for additional work on the School District project and incurred additional administrative costs and expenses in an amount not less than $3,700.00.

51.     The School District has suffered damages in excess of $50,000.00 due to acts and omissions of the defendant UCI.

WHEREFORE, the School District of Philadelphia respectfully requests that the Court enter judgment in its favor on Count IV of its Complaint against Defendant in an amount in excess of $50,000.00, together with interest, costs, consultants' and attorneys' fees, and any other relief that the Court deems just and appropriate.

14

Case ID: 130704129

## COUNT V - NEGLIGENCE

52.     The School District incorporates the averments contained in paragraphs 1-5 and 33-51 of its Complaint as if set forth fully herein.

53.     Defendant UCI is an engineering firm licensed to practice in the Commonwealth of Pennsylvania.

54.     As a professional engineering firm, defendant UCI was bound to perform with reasonable care and with a high degree of skill and ability its duties to the School District.

55.     As set forth above, defendant UCI breached this duty of care to the School District by negligently and unreasonably preparing and submitting contract documents, including drawings, specifications and bid documents, for the construction work on the School District project that were inadequate and that contained design errors, omissions and/or deficiencies.

56.     As a direct and proximate result of defendant UCI's failure to use reasonable skill and care in providing contract documents for the School District project, the School District was forced to issue the change orders set forth at length above for an amount in excess of $66,000.00 for additional work on the School District project and incurred additional administrative costs and expenses in an amount not less than $3,700.00.

WHEREFORE, the School District of Philadelphia respectfully requests that the Court enter judgment in its favor on Count V of its Complaint against Defendant in an amount in excess of $50,000.00, together with interest, costs and any other relief that the Court deems just and appropriate.

## COUNT VI - BREACH OF WARRANTIES

57.     The School District incorporates the averments contained in paragraphs 1-5 and 33-56 of its Complaint as if set forth fully herein.

PHIL1 3123362v.1

Case ID: 130704129

58.   Upon information and belief, defendant UCI issued express and/or implied warranties regarding (1) the fitness and quality of its work; (2) the nature and extent of the services that would be provided to, or for the benefit of, the School District; and (3) the quality, training and expertise of the employees who were assigned to work on the School District project.

59.   Upon information and belief, defendant UCI breached the aforesaid warranties by (1) providing drawings and specifications that were, in part, unfit for their intended purpose; and (2) providing substandard and inadequate design, review, coordination and supervision services on the School District project as set forth at length above.

60.   As a direct and proximate result of the aforementioned acts and/or omissions of defendant UCI, the School District was damaged and was forced to issue the change orders set forth at length above for an amount in excess of $66,000.00 for construction work on the School District project described above.

16

PHIL1 3123362v.1

Case ID: 130704129

WHEREFORE, the School District of Philadelphia respectfully requests that the Court enter judgment in its favor on Count VI of its Complaint against Defendant in an amount in excess of $50,000.00, together with interest, costs and any other relief that the Court deems just and appropriate.

KLEHR, HARRISON, HARVEY,
BRANZBURG LLP

Dated: October 15, 2013

By: _____
Peter Norman
1835 Market Street, 14th Floor
Philadelphia, Pennsylvania  19103
(215) 569-2700

Attorneys for Plaintiff
The School District of Philadelphia

17

Case ID: 130704129

## VERIFICATION

I, Leigh Anne Clark, verify that I am Operations Manager for the Office of Capital Programs for the School District of Philadelphia, and I am authorized to make this Verification on behalf of Plaintiff, and that the statements set forth in the foregoing Complaint are true and correct to the best of my knowledge or information and belief.  I acknowledge and understand that this verification is made subject to the penalties of 18 Pa.C.S.A.§4904 relating to unsworn falsification to authorities.


Dated: October 15, 2013                                    _Leigh Anne Clark_____
                                                           Leigh Anne Clark


PHIL1 3122766v.1

Case ID: 130704129

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint was served by first class mail this

15th day of October, 2013 upon:

United Consultants, Inc.
5110 Belair Road
Baltimore, MD 21206

*Defendant*

By: __//s// Peter Norman_____
Peter Norman

Case ID: 130704129

# Exhibit A

Filed and Attested by
PROTHONOTARY
13 OCT 2013 04:06 pm

5-18-05  A-14

CONTRACT NO. 730/F05
E-DOC NO.:

CONTRACT FOR PROFESSIONAL DESIGN SERVICES

FOR THE CAPITAL IMPROVEMENT PROGRAM

BETWEEN

SCHOOL DISTRICT OF PHILADELPHIA

AND

UNITED CONSULTANTS, INC.

FOR

OLNEY HIGH SCHOOL AND PEPPER MIDDLE SCHOOL
BOILER REPLACEMENT AND/OR HVAC IMPROVEMENT

Rev. 2/05

Case ID: 130704129
SDP177849

## TABLE OF CONTENTS

**PAGE**

**Section 1.  Incorporation of Background; Definitions; General Rules of Construction** ........  4
       1.1    Incorporation of Background  ..........................................................  4
       1.2    Definitions ..........................................................................................  4
       1.3    General Rules of Construction  ..........................................................  8

**Section 2.  Term of Contract** ....................................................................................  8
       2.1    Initial Term ........................................................................................  8
       2.2    Option to Renew ................................................................................  8

**Section 3.  Design Consultant's Services and Responsibilities** ..............................  9
       3.1    Status of Design Consultant ............................................................  9
       3.2    Design Consultant's Representations, Warranties and Commitments ...............  9
       3.3    Basic Services and Additional Services ........................................... 12
       3.4    Standard of Performance ................................................................. 13
       3.5    Labor, Materials, Supplies and Equipment .................................... 14
       3.6    Revisions to Work and Documents ................................................ 14
       3.7    Cooperation with the Program Manager and Construction Manager ................. 15
       3.8    Project Meetings ............................................................................... 15
       3.9    Project Minutes, Reports, Correspondence and Communications ..................... 15
       3.10  Coordination and Safety of Onsite Activities  .............................. 15
       3.11  Subletting and Assignment .............................................................. 16
       3.12  Legal Costs ....................................................................................... 17
       3.13  Claims Services and Cooperation with Litigation .......................... 17
       3.14  Changes ............................................................................................ 18
       3.15  Force Majeure  ................................................................................. 19
       3.16  Mylars, Blue Line Prints and CD-ROM Computer Disks ............... 20
       3.17  Ownership and Use of Documents ................................................. 20
       3.18  Findings Confidential ...................................................................... 21
       3.19  Special Publication Rights ............................................................... 22
       3.20  No Responsibility for Hazardous Materials ................................... 22
       3.21  Deliverables ..................................................................................... 22
       3.22  Safety Responsibilities ..................................................................... 22

**Section 4.  Scope of Services** .................................................................................. 23
       4.1    Schedule ............................................................................................ 23
       4.2    Statement of Services ....................................................................... 24

**Section 5.  School District's Services and Responsibilities** ................................. 44
       5.1    Program Manager's Services and Responsibilities ......................... 44
       5.2    Land Surveys and Site Legal Information ....................................... 46
       5.3    Site Surface and Subsurface Information ........................................ 46
       5.4    Site Laboratory and Environmental Test Information ..................... 47
       5.5    Furnished Equipment and Furniture Plan ....................................... 47
       5.6    Time for Furnishing Information and Reliance on Information ...................... 47
       5.7    Information Required by Governmental Authorities ....................... 47

Case ID: 130704129
SDP177850